UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TIMOTHY J. KANE, III, | Civ. A. No.: 05-1044 |
| Plaintiff, | |
| v. | **OPINION** |
| ORTHO PHARMACEUTICAL CORP, | |
| Defendant. | |

This matter is before the Court on the Motion of Timothy J. Kane, III ("Kane") to Remand to the Superior Court of New Jersey, Law Division, Somerset County, where Kane filed his Complaint.

## Background

Kane's Complaint, on its face, seeks benefits under a "Long Term Disability Income Plan" ("LTD plan" or "Plan"), maintained by the Defendant Ortho-McNeil Pharmaceutical Corporation ("Ortho"), Kane's former employer. Complaint ("Compl.") ¶ 1. Kane claims, *inter alia*, of a breach of fiduciary duty and failure to pay benefits on the part of Ortho. Compl. ¶¶ 3, 6, 7. Ortho filed a Notice of Removal with this Court on February 18, 2005, stating that removal of the case is proper pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction. Notice of Removal ¶ 4. In its Notice of Removal Ortho explained that,

> [t]he aforesaid LTD plan is an "employee welfare benefit plan" within the meaning of § 3(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(1). Plaintiff's claims, therefore, arise under § 502 of ERISA, 29 U.S.C. § 1132. Specifically, his claim to recover benefits allegedly due to him under the terms of the aforesaid LTD plan arises under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and his claim for breach of fiduciary duty arises under § 502(a)(2) of

> ERISA, 29 U.S.C. § 1132(a)(2). Further, plaintiff's claim for attorneys' fees arises under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), which provides that the court may allow a reasonable attorneys' fee and costs of action to either party in such actions.

Notice of Removal ¶ 6.  Kane's Motion challenges the removal on several bases detailed below.

## Discussion

First, Kane argues that state contract law, not federal law, applies to his claim because his particular plan is exempt from ERISA.  See Plaintiff's Affidavit in Support of Motion to Remand ("Plt. Supp. Aff") ¶¶ 9-11, 14; Addendum to Plaintiff's Affidavit in Support of Motion to Remand ("Plt. Add. Aff") ¶¶ 1, 3, 6.  Kane makes two arguments that his plan is exempt from ERISA: (1) that the LTD plan that forms the gravamen of his Complaint is an "excess benefit plan" as defined in § 3(36) of ERISA, 29 U.S.C. § 1002(36), and it is therefore exempt from Title I of ERISA, Plt. Add. Aff. ¶¶ 2-3; and (2) that the long-term disability plan "is a group exempt insurance plan which meets the criteria of an exemption," referring to 29 C.F.R. § 2510.3-1(j), see Plt. Add. Aff. ¶ 6.

With respect to Kane's first argument, there is indeed a genre of employee benefit plans known as "excess benefit plans" to which Title I of ERISA is not applicable.  See 29 U.S.C. § 1003(b) (5) (Section 4(b)(5) renders the provisions of Title I inapplicable to any employee benefit plan that "is an excess benefit plan (as defined in section 3(36)) and is unfunded"). Kane's Plan, however, is not such an exempt plan.  To be an excess benefit plan, a plan must be "maintained by an employer solely for the purpose of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by §415 of the Internal Revenue Code of 1954 on plans to which that section applies."

Section 415(a) of the Internal Revenue Code states that it applies solely to a trust "which

is part of a pension, profit-sharing, or stock bonus plan" and to employee annuity plans described in § 403(a), annuity contracts described in § 403(b), and simplified employee pensions described in § 408(k). Kane's Plan–for the payment of long terms disability benefits–is not any of these, and the limitations to which §3(36) refers and relates have no application to his Plan. Kane's Plan is clearly a welfare plan defined by § 3(1) of ERISA, 29 U.S.C. § 1002(1), as distinguished from an employee pension benefit plan, or pension plan, under § 3(2). This is true whether the 1979 Plan or the 2004 reinstated Plan is considered.

Kane's second argument is that his Plan is exempt from ERISA is based on a Department of Labor Regulation, 29 C.F.R. § 2510.3-1(j). Kane suggests that his Plan is "a group or group-type insurance program offered by an insurer to employees or members of an employee organization," to which the terms "employee welfare benefit plan" and "welfare plan" do not apply. Plt. Add. Aff. ¶ 6. Kane cites two facts in support of this argument: (1) the failure of the Long-Term Disability Plan to contain any reference to being an ERISA plan or any mention of ERISA, see Plts. Reply, dated May 18, 2005, at 3; and (2) that defendant "does not endorse the plan, but did collect premiums through payroll deductions and remitted them to the insurer [of the benefits]," see id. at 3-4.

Section 2510.3-1(j) states four requirements for classification as something other than an employee welfare benefit plan:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in

connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.1-1(j).  But "[a] policy will be exempted under ERISA only if all four of the 'safe harbor' criteria are satisfied."  Thompson v. American Home Assur. Co., 95 F.3d 429, 435 (6th Cir. 1996).

Here, most importantly, Kane's plan fails to meet the third requirement because the plan is not offered by an insurer, but rather, by Ortho to its own eligible employees.  Whether or not the plan refers to ERISA on its face is irrelevant.  Kane does not contest that Ortho's parent company created the plan and the plan documents that set forth the terms of the plan–this is true of the 1979 Plan and the 2004 reinstatement.  See McDonald Aff., Defendant's Supplemental Brief in Opposition, Appendix (Exhibit A of the affidavit, the Plan, shows that Ortho's parent company designated, in Article VII of the Plan, the Johnson & Johnson Pension Committee as the main fiduciary of the Plan, with plenary general powers); see also Plt. Reply, dated May 18, 2005, Appendix  (1979 Plan and 2004 reinstatement).  Having adopted and administered the Plan, Ortho does not fit the bill for employers in 29 C.F.R. § 2510.1-1(j)(3) and the safe harbor is, therefore, inapplicable.  See Sarraf v. Standard Ins. Co., 102 F.3d 991, 993 (9th Cir. 1996) (administration of a plan is sufficient to make the safe harbor regulation inapplicable).

Next, Kane contends that his case should be remanded because New Jersey law applies to all of his claims.  Plt. Supp. Aff. ¶ 9-10.  Section 514(a), 29 U.S.C. § 1144(a) is clear, however, that the provisions of Titles I and IV of ERISA "shall supercede any and all State laws insofar as they may now hereafter relate to any employee benefit plan described in section 1003 (a) and not exempt under section 1003 (b)."  As it has been established that the Plan is not exempt from ERISA, the state law claims that Kane describes–for denial of benefits under the Plan and breach of fiduciary duty–are completely preempted by ERISA.

Kane additionally cites 28 U.S.C. § 1346(d), The General Jurisdiction Act, which states that "[t]he district courts shall not have jurisdiction under this section of any civil action or claim for a pension." The Act, however, only applies to cases in which the United States is, therefore, a defendant–it is inapplicable to Kane's Complaint.

Finally, Kane contends that his disability, which limits his mobility, requires accommodation at the courthouse that is closest to his home–the Superior Court of New Jersey in Somerset County. See Plt. Supp. Aff. ¶ ¶ 3-8. Kane argues that he entitled to remand pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Id. This statute, however, provides no disability exemption to 28 U.S.C. § 1441 which provides that,

> [e]xcept as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, it appearing that there was no procedural defect in Defendants' removal of this matter, nor a lack of subject matter jurisdiction for this Court to hear this case, Plaintiff's contentions that he is disabled do not constitute a valid basis upon which to remand this matter. Of course, to the extent possible, the Court will make every feasible effort to accommodate Plaintiff with his special needs.

## Conclusion

For all of the above reasons, Kane has failed to show why his case was improperly removed from state court. Kane's Motion to Remand is, therefore, denied.

/s/ Stanley R. Chesler, U.S.D.J.
Dated: June 28, 2005